IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DARRYL KINNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 12 C 6810 |
| | ) | |
| CITY OF WAUKEGAN and | ) | Judge John Z. Lee |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Darryl Kinney, *pro se*, has sued the City of Waukegan and the City of Chicago (collectively "Defendants") for stalking and defaming him, preventing him from getting a job and causing his termination from previous employment, forcing him to go through divorce proceedings, endangering children, harassing minors, and invading his privacy through constant surveillance in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, the Privacy Act of 1974, 5 U.S.C. § 552a *et seq.*, common law defamation, and intentional infliction of emotional distress. Defendants move to dismiss Kinney's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, Defendants' motions are granted.

## Discussion

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. Cnty. of Boone*, 483 F.3d 454, 457 (7th Cir. 2007). A complaint must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Moreover, it is well-settled that *pro se* complaints are to be liberally construed. *McCormick v. City of Chi.*, 230 F.3d 319, 325 (7th Cir. 2000). But although Rule 8 does not require "detailed factual allegations," it "demands more than an unadorned, the-defendant-

1

unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, the plaintiff must do more than simply recite the elements of a claim." *Zellner v. Herrick*, 639 F.3d 371, 378 (7th Cir. 2011). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Indeed, "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

Thus, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Here, Plaintiff fails to state a claim against Defendants. The complaint contains a series of conclusory, general statements that broadly accuse unnamed government entities or individuals of "illegal activity," including "felony illegal warrantless stalking" and "illegal forced actions." (Compl. 1.) Plaintiff alleges that these entities and individuals "started a state to state wide treasure hunt putting private citizens in dangerous situations as they illegally spread defaming and fraudulent stories and participate[d] in major Civil Rights violations, in an outright coverup and setup by law enforcement and Government agencies." (*Id.*) He also alleges that "[t]hese agencies" have "incorporated outside resources to aid in illegal actions against the Plaintiff and his family," resulting in "forced divorce proceedings, child endangerment, and the

harassment of a minor(s)." (*Id.*) As discussed below in the context of specific causes of action, none of these allegations state a claim against Defendants.

I.      **Employment Discrimination**

Plaintiff alleges that Defendants violated Title VII of the Civil Rights Act by "preventing Plaintiff from gaining employment and after Plaintiff was employed directly or indirectly [taking] actions to remove Plaintiff from employment." (Compl. 2.) Title VII prohibits employers from discriminating against "any individual with respect to his compensation, terms, conditions, or privileges *of employment*." 42 U.S.C. § 2000e-2 (emphasis added). To state a Title VII claim, Plaintiff must allege that he is, was, or sought to be an employee of Defendants. 42 U.S.C. § 2000e-2; *see Bulino v. New York State Educ. Dep't*, 460 F.3d 361, 370 (2d Cir. 2006) ("the existence of an employer-employee relationship is a primary element of Title VII claims"). Plaintiff fails to allege that he ever sought or obtained employment from Defendants. In fact, his complaint does not indicate where, or by whom, he was ever employed. Consequently, his Title VII claim must be dismissed. *See Orellana v. World Courier, Inc.*, No. 09 CV 576, 2010 WL 3861013, at *3 (E.D. N.Y. Sept. 28, 2010) (dismissing plaintiff's Title VII claims because plaintiff was not employed by defendant); *Moon v. Nat'l Asset Recovery Servs., Inc.*, No. 4:09 CV 01129, 2009 WL 2253408, at *2 (E.D. Mo. July 28, 2009) (same); *Middleton v. Naqvi*, No. 5:07 CV 482, 2008 WL 228039, at *(N.D. Ga. Jan. 25, 2008) (same).

II.     **Invasion of Privacy**

Plaintiff also alleges that Defendants violated the Privacy Act by "illegally broadcast[ing] every part of Plaintiffs [sic] lives to people not intended" and by stalking him using unwarranted GPS surveillance. (Compl. 2.) The Privacy Act directs government agencies to establish safeguards to protect individuals against the disclosure of confidential records. *See* 5 U.S.C.

§ 552a; *Polchowski v. Gorris*, 714 F.2d 749, 752 (7th Cir. 1983). The Act "applies to only agencies of the United States Government." *Polchowski*, 714 F.2d at 752. Because neither Defendant City of Chicago nor Defendant City of Waukegan is a federal agency, Plaintiff cannot bring Privacy Act claims against them. Therefore, Plaintiff's Privacy Act claims are dismissed.

### III. Defamation of Character

Plaintiff also alleges that Defendants have defamed his character by "spread[ing] lies and ke[eping] Plaintiff from his Right to Work in a Right to Work State." (Compl. 2.) Under Illinois law, a statement is considered defamatory if it "tends to cause such harm to the reputation of another that is lowers that person in the eyes of the community or deters third persons from associating with him." *Kolegas v. Heftel Broad. Corp.*, 607 N.E.2d 201, 206 (Ill. 1992). To state a claim for defamation under Illinois law, Plaintiff must allege facts showing that Defendants: (1) made a false statement about him; (2) the statement was publicized to a third-party; and (3) he was damaged as a result. *See Dubinsky v. United Airlines Master Exec. Council*, 708 N.E.2d 441, 446-47 (Ill. App. Ct. 1999). A defamation action may be stated as a claim either for defamation *per se* (statements so harmful to reputation that damages are presumed), or defamation *per quod* (statements requiring extrinsic facts to show their defamatory meaning). *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 924 (7th Cir. 2003) (citing *Bryson v. News Am. Publ'ns, Inc.*, 672 N.E.2d 1207, 1214 (Ill. 1996)).

For a statement to be defamatory *per se*, it must impute: (1) the commission of a crime; (2) infection with a loathsome communicable disease; (3) an inability to perform or want of integrity in performing employment duties; (4) a lack of ability or that otherwise prejudice a party in his or her profession or business; or (5) adultery or fornication. *Tuite v. Corbitt*, 866 N.E.2d 114, 121 (Ill. 2006). Here, Plaintiff has not alleged that Defendants made any false

4

statements about him that fall into one of these five categories. In fact, Plaintiff's complaint does not allege that Defendants made any particular defamatory statements. Instead, it offers only "labels and conclusions." For example, Plaintiff alleges that Defendants "illegally spread defaming and fraudulent stories," but Plaintiff does not state what those stories were. (Compl. 1.) Similarly, Plaintiff asserts that Defendants "have spread lies and kept Plaintiff from his Right to Work," but Plaintiff provides no further factual enhancement about these lies, such as what they were or what they concerned. Because Plaintiff has failed to provide enough facts to state a *per se* defamation claim that is plausible on its face, his *per se* defamation claim must be dismissed. *See Iqbal*, 556 U.S. at 678.

Plaintiff also fails to state a claim for defamation *per quod*. A claim for defamation *per quod* may be brought where the defamatory character of the statement is not apparent on its face and resorting to extrinsic circumstances is necessary to demonstrate its injurious meaning. "To pursue a *per quod* action in such circumstances, a plaintiff must plead and prove extrinsic facts to explain the defamatory meaning of the statement." *Bryson*, 672 N.E.2d at 1221. As stated, Plaintiff's complaint is devoid of any alleged defamatory statements, let alone any facts explaining the meaning of those statements. Thus, Plaintiff has also failed to state a defamation claim *per quod*.

### IV. Emotional Distress

Finally, Plaintiff alleges that Defendants have caused him "mental anguish and emotional distress." The Court construes this as a state-law claim of intentional infliction of emotional distress ("IIED"). (Compl. 1-2.) To state an IIED claim under Illinois law, Plaintiff must allege that (1) Defendants' conduct was extreme and outrageous; (2) Defendants either intended their conduct to inflict severe emotional distress, or knew that there was a high probability that their

conduct would cause severe emotional distress; and (3) that Defendants' conduct in fact caused severe emotional distress. *See McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988). Although Plaintiff alleges that he has filed "proof of emotional damage," he fails to state a claim as to each Defendant.

As to Defendant City of Chicago, Plaintiff does not allege any conduct, extreme or otherwise, beyond the previously mentioned general statements that accuse unnamed government entities or individuals of "illegal activity." Without factual content as to what behavior was extreme or outrageous, the Court cannot draw the reasonable inference that Defendant City of Chicago is liable for IIED. *See Iqbal*, 556 U.S. at 678.

Plaintiff's complaint is equally lacking as to Defendant City of Waukegan. Although Plaintiff alleges that "[t]he City of Waukegan was paid in excess of 5 Million Dollars to allow corruption and felony operations," he provides no factual content to support this statement. Such a "naked assertion," devoid of any factual enhancement, fails to provide "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. In sum, because Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," Plaintiff's IIED claims are dismissed. *See id.*

## Conclusion

For these reasons, the Court grants Defendants' motions to dismiss [10], [13].[1] This case is hereby dismissed without prejudice. All motions and hearings are stricken. Civil case terminated.

**SO ORDERED**                    ENTER:  8/14/13

_____
**JOHN Z. LEE**
**U.S. District Judge**

---

[1] In his response to Defendants' motions to dismiss, Plaintiff submitted what amounts to an amended complaint. (Pl.'s Resp. 2-3.) The response is filled with new allegations, legal theories, and factual assertions, including new claims for (1) stalking and harassment with cyberstalking; (2) illegal court and administrative interference and disruption; and (3) illegal military stalking of civilians. (*Id.*) Because the Court did not grant Plaintiff leave to file an amended complaint and "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss," *see Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984), the Court strikes those portions of Plaintiff's response brief that go beyond the allegations pled in the original complaint.